IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY – TRENTON DIVISION

| | |
|---|---|
| RIDGWAY'S LLC<br>7825 Holstein Drive, Suite A<br>Philadelphia, PA  19153<br><br>    Plaintiff,<br><br>v.<br><br>RMJM INC.<br>500 Alexander Park<br>Princeton, NJ  08543<br><br>    Defendant. | CASE NO.<br><br><br><br>COMPLAINT |

Plaintiff Ridgway's LLC, files this Complaint requesting that this Court grant damages and other relief sought below against defendant RMJM Inc.

## PARTIES

1.  Plaintiff, Ridgway's LLC, as successor in interest to Ridgway's Ltd., (hereinafter collectively "Ridgway's") is a Texas limited liability company which is wholly owned by Reprographics Fort Worth, Inc., a Delaware Corporation.  Ridgway's principal place of business is in Philadelphia, Pennsylvania.

2.  Defendant, RMJM Inc., as successor in interest to Hillier International, Inc., ("Hillier") (hereinafter collectively "RMJM") is a New Jersey corporation with its principal place of business in Princeton, New Jersey.  RMJM is an international architectural firm. Hillier was a US based architectural design firm.  On or about June 19, 2007, Hillier merged with RMJM to form RMJM Inc.

## JURISDICTION AND VENUE

3.  Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. 1332 because plaintiff and defendant are citizens of different states; and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.  Venue is proper pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claims set forth in the Complaint occurred within this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

5.  On March 26, 2006, the parties predecessors Ridgway's Ltd. and Hillier International, Inc. entered into the Management Services Agreement (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit "A."

6.  Under the terms of the Agreement, Ridgway's provided specific reprographic services to RMJM at various facilities, principally in Princeton, Philadelphia and New York. Ridgway's provided its own personnel, equipment and software to perform the required services under the Agreement.

7.  The Agreement term was to run from March 1, 2006 for a period of 3 years up to and including March 1, 2009.

8.  Ridgway's performed all services requested pursuant to the Agreement.

9.  RMJM was invoiced on a monthly basis for all services rendered by Ridgway's.

10. Beginning with the invoices dated October 30, 2008, RMJM failed to make any of the payments required by the Agreement.

11. Despite repeated demands, RMJM has failed to fully pay for the services rendered by Ridgway's for RMJM.

12. Beginning with the invoices dated October 30, 2008, through and including services provided through May 5, 2009, the total amount now due by RMJM to Ridgway's is $788,194.96, as set forth in Ridgway's May 20, 2009 Statement of Account, a true and correct copy of which is attached as Exhibit "B."

13. As a result of RMJM's failure to fully pay Ridgway's for the services rendered and expenses incurred, Ridgway's has been damaged, in the amount of $788,194.96.

14. Section IX (B) of the Agreement provides that, in part, "All amounts that become sixty (60) days past due are subject to a monthly interest charge of one and one-half percent (1.5%) of the outstanding account balance.

15. Beginning on or about January 2009 Ridgway's and RMJM discussed the terms of an extension of the Agreement, but the parties could not reach an agreement. Despite the failure to reach an extension of the Agreement, Ridgway's continued to perform under the terms of the Agreement through to the termination date of may 5, 2009.

16. Section XV of the Agreement provides as follows:

    B.    In addition to any other rights that Ridgway's may have at law or in equity, Ridgway's shall have that right to terminate this Agreement at any time upon written notice to Customer, if either of the following events occurs:
        1.    Customer fails to make timely payment of any amount due hereunder, and default continues for a period ten (10) days after written notice of such default to Customer.

17. By letter dated April 24, 2009, and despite numerous prior conversations and correspondence concerning the large outstanding open invoices and amounts due by RMJM to

Ridgway's, Ridgway's provided RMJM with formal notice of RMJM's default and of Ridgway's intent to terminate the contract if the default was not cured within the ten (10) days provided for in Section XV(B)(1) of the Agreement. A true and correct copy of the April 24, 2009, letter is attached hereto as Exhibit "C."

18. RMJM did not pay any of the outstanding invoices or make other payment arrangements during that ten (10) day period.

19. By letter dated May 5, 2009, counsel for Ridgway's notified RMJM that the Agreement was terminated effective immediately and that all Ridgway's equipment would be removed at the earliest possible opportunity. A true and correct copy of the May 5, 2009 letter is attached hereto as Exhibit "D."

## COUNT I – BREACH OF CONTRACT

20. The plaintiff incorporates herein by reference the allegations contained in paragraph 1 through 19 above.

21. The Agreement between Ridgway's and RMJM is a valid and enforceable contract.

22. Ridgway's performed all of its obligations under the Agreement with RMJM.

23. RMJM breached the Agreement by failing to make timely payments to Ridgway's.

24. Ridgway's has been damaged by RMJM's breaches of the Agreement in an amount in excess of $788,194.96.

**WHEREFORE,** Ridgway's LLC demands judgment in its favor and against RMJM, in the amount of $788,194.96, together with pre-judgment interest at the rate of 1.5% per month

pursuant to the Agreement, costs of suit and such other and further relief as the Court deems appropriate.

## COUNT II – ACTION ON AN ACCOUNT

25. The plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 24 above.

26. RMJM owes $788,194.96 to Ridgway's, according to the Statement of Account attached as Exhibit "B."

**WHEREFORE,** Ridgway's LLC demands judgment in its favor and against RMJM, in the amount of $788,194.96, together with pre-judgment interest at the rate of 1.5% per month pursuant to the Agreement, costs of suit and such other and further relief as the Court deems appropriate.

## COUNT III – ACCOUNT STATED

27. The plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 26 above.

28. RMJM has had an open account with Ridgway's since March 2006, for reprographic services rendered and expenses incurred by Ridgway's in providing services to RMJM under the Agreement.

29. RMJM has made partial payments on that account.

30. RMJM has not questioned or objected to the accuracy of the amount of its account with Ridgway's.

31. RMJM retention of its account with Ridgway's since March 2006 and its partial payments of the account constitute a manifestation of assent that the amount of the account is correctly stated.

32. RMJM owes $788,194.96 to Ridgway's according to the Statement of Account attached as Exhibit "B."

**WHEREFORE,** Ridgway's LLC demands judgment in its favor and against RMJM, in the amount of $788,194.96, together with pre-judgment interest at the rate of 1.5% per month pursuant to the Agreement, costs of suit and such other and further relief as the Court deems appropriate.

## COUNT IV – UNJUST ENRICHMENT

33. The plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 32 above.

34. Ridgway's performed reprographic services and incurred expenses for RMJM, thereby conveying benefits upon RMJM.

35. RMJM accepted the benefits of the services that Ridgway's performed and the expenses that it incurred for RMJM.

36. By receiving the benefits of the Agreement, including the reprographic services, software and equipment provided by Ridgway's to RMJM in accordance with the Agreement, RMJM has been unjustly enriched at the expense of Ridgway's.

37. RMJM has not fully paid for those reprographic services and expenses under circumstances that make the acceptance and retention of those unpaid services and benefits inequitable.

38. Ridgway's is entitled to recovery of the value of the services rendered and the benefits conferred on RMJM.

**WHEREFORE,** Ridgway's LLC demands judgment in its favor and against RMJM, in the amount of $788,194.96, together with pre-judgment interest at the rate of 1.5% per month pursuant to the Agreement, costs of suit and such other and further relief as the Court deems appropriate.

## COUNT V – QUANTUM MERUIT

39. The plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 38 above.

40. For the period beginning with the services reflected on various invoices dated October 30, 2008, through to and including the date of termination of the Agreement, May 5, 2009, Ridgway's rendered materials, work, labor, and services to RMJM at the special request of RMJM for which RMJM then and there promised to pay Ridgway's the reasonable value of such services.

41. The materials, work, labor and services provided by Ridgway's were knowingly and voluntarily accepted by RMJM.

42. At all times herein mentioned, the above services were and are of the reasonable value of $788,194.96.

43. No part of the above sum has been paid, notwithstanding that Ridgway's has demanded payment thereof, and there is now due, owing, and unpaid from RMJM to Ridgway's the sum of $788,194.96.

**WHEREFORE,** Ridgway's LLC demands judgment in its favor and against RMJM, in the amount of $788,194.96, together with pre-judgment interest at the rate of 1.5% per month pursuant to the Agreement, costs of suit and such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Keith E. Smith
Keith E. Smith
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA  19102
Phone (215) 851-8400

Counsel for Plaintiff, Ridgway's LLC.

Dated:  May 26, 2009.